UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MS. RIGG, LTD., LLC AND         *        CIVIL ACTION
ROBERT LINIADO

VERSUS                          *        NO: 06-7574

LAFAYETTE INSURANCE COMPANY     *        SECTION: "D"(4)


                         **ORDER AND REASONS**

    Before the court is the **"Motion to Remand"** filed by Plaintiffs, Ms. Rigg, Ltd., LLC and Robert Liniado. Defendant, Lafayette Insurance Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, April 25, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

                         **I. Background**

    In this Hurricane Katrina-related suit, Plaintiffs filed suit against Defendant in Civil District Court for the Parish of Orleans, State of Louisiana, alleging that their business property located at 600 N. Broad Street, New Orleans, Louisiana, was severely damaged or destroyed as a result of Hurricane Katrina.

Plaintiffs further allege that Defendant issued a commercial property insurance policy covering their property at the time of this alleged loss, but that Defendant has failed to pay and properly adjust Plaintiffs' claims. Plaintiffs claim that Defendant breached the insurance contract and violated various Louisiana statutes including, LSA-R.S. 22:658, LSA-R.S. 22:658.2, LSA-R.S. 28:1220.

Defendant removed the matter under the Multiforum Trial Jurisdiction Act (MMTJA), arguing that the court either has original jurisdiction under 28 U.S.C. §1369, or alternatively piggy-back jurisdiction under 28 U.S.C. §1441(e)(1)(A). In their Motion to Remand, Plaintiffs maintain that removal based on the MMTJA is not appropriate. The court agrees.

## II. Legal Analysis

The MMTJA provides in relevant part:

**§1369. Multiparty, multiforum jurisdiction**

**(a) In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-

(1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took

>     place;
>
> (2) any two defendants reside in difference States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in difference States.
>
> **(b) Limitation of jurisdiction of district courts.-**The district court shall abstain from hearing any civil action described in subsection (a) in which-
>
> (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
>
> (2) the claims asserted will be governed primarily by the laws of that State.

28 U.S.C. §1369.[1]

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons."  28 U.S.C. §1369(c)(4).  Here, the court does not have original jurisdiction under §1369, because Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[2]

---

[1] "The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora."  *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006).  The ultimate goal of the MMTJA is consolidation.  *Id.*

[2] *See e.g., Haas v. Lafayette Ins.* Co., 2006 WL 3437498, EDLA No. 06-8975, Doc. No. 6 (McNamara, J.); Flint *v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins.*

However, Defendant also argues that the court has supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B), because Defendant is already a defendant in multiple cases where jurisdiction is proper under the MMTJA, 28 U.S.C. §1369.[3]  The full text of 28 U.S.C. §1441(e)(1) provides:

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if-
>
> (A)  the action could have been brought in the United States district court under section 1369 of this title; or
>
> **(B)  the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in**

---

*Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

[3]  In its opposition memorandum, Defendant represents that:

> In addition to [*Abadie v. Aegis Security Ins. Co.* USDC No. 06-5164], Defendant Lafayette Insurance Company is a defendant in several class action lawsuits arising out of Hurricane Katrina, lawsuits that were or could have been brought under 28 U.S.C. §1369, including the following: [*Berthelot v. Boh Brothers Construction Co.*], USDC Eastern District No. 05-4182, Section K; [*Randall v. Allstate Indemnity Co.*], USDC Eastern District No. 06-1053, Section R; and [*Caruso v. Allstate Ins. Co.*], USDC Eastern District No. 06-2613, Section R.

(Defendant's Opp. at 2-3).

> **State court, even if the action to be removed could not have been brought in a district court as an original matter**.

28 U.S.C. §1441(e)(1) (emphasis added).

As the Fifth Circuit has reasoned:

> §1441(e)(1)(B) permits removal in those situations where original federal subject matter jurisdiction does not exist ... When the requirements of §1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under §1369(a), because supplemental jurisdiction has been established.

*Wallace,* 444 F.3d at 702.[4]

However, in this case, the court rejects Defendant's argument that this court can exercise supplemental jurisdiction under §1441(e)(1)(B) based on the fact that Defendant is already a defendant in other actions (including *Abadie, Berthelot, Randall* and *Caruso*) pending in this court. To the extent that these other cases are based on Hurricane Katrina, they could not have been under the MMTJA because, again, Hurricane Katrina is not an "accident" as that term is defined in the MMTJA. Further, *Abadie* and *Berthelot* are both based, in part, on levee breaches in the aftermath of Hurricane Katrina, but in this case, Plaintiff makes

---

[4] The court notes that §1369(b) is not an independent bar to exercise of jurisdiction over a case removed pursuant to §1441(e)(1)(B), because §1369(b) applies only to the exercise of original jurisdiction under §1369(a). *Wallace*, 444 F.3d at 702.

5

no allegation about levee breaches.  Thus, the court finds that it has no "piggy-back jurisdiction" under §1441(e)(1)(B).  *Wallace*, 444 F.3d at 702.

Accordingly;

**IT IS ORDERED** that Plaintiffs' "**Motion to Remand**" be and is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this matter be and is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction; and

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorney's fees and costs (contained within their Motion to Remand) be and is hereby **DENIED** because Defendant had objectively reasonable grounds to remove the case.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000).

New Orleans, Louisiana, this **2nd** day of **May, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE